# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMUEL K. CROCKER, United States Trustee for Region 20, | ) )  )  **BASE FILE** |
| Appellant, | ) Case No. 15-CV-89-JED-PJC |
| vs. | ) )  Consolidated with |
| BOW H. BUSHYHEAD and D'LYNN BUSHYHEAD, | ) Case No. 15-CV-90-JED-FHM ) ) |
| Appellees. | ) |

## OPINION AND ORDER

Now before the Court is Appellant, Samuel K. Crocker, U.S. Trustee's Motion to Consolidate Appeals (Dkt. No. 7). Appellant asks the court to consolidate this case, *Crocker v. Bushyhead*, 15-CV-89-JED-PJC (Crocker I), with another pending case recently appealed to this Court from the Bankruptcy Court, *Crocker v. Bushyhead*, 15-CV-90-JED-FHM (Crocker II). Appellees, Bow H. Bushyhead and D'Lynn Bushyhead, do not oppose consolidation of the cases. Dkt. No. 7.

A district court has the discretion to consolidate separate actions for trial if the cases involve a common issue of law or fact. Fed.R.Civ.P. 42(a); *American Emp. Ins. Co. v. King Resources Co.*, 545 F.2d 1265, 1269 (10th Cir.1976); *Skirvin v. Mesta*, 141 F.2d 668, 672 (10th Cir.1944). The objective of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D.Colo.2004). Courts generally consider "the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense" caused by consolidation. *C.T. v. Liberal School Dist.*, 562 F.Supp.2d 1324, 1346 (D.Kan.2008).

Consolidation of cases under Rule 42 does not strip any case of its independent character, and each case retains its separate identity. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933); *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 606 (6th Cir.1985).

Both of these appeals arise from separate orders issued in the same underlying bankruptcy case. The appeals involve the same parties and involve common issues of law and fact and Appellees do not oppose Appellant's Motion. The Court finds that judicial economy is best served by consolidation of the cases at issue. **IT IS THEREFORE ORDERED** that Appellant's Motion to Consolidate Appeals (Dkt. No. 7) is **GRANTED.**

**IT IS FURTHER ORDERED** that:

1. Case Nos. 15-CV-89-JED-PJC and 15-CV-90-JED-FHM are consolidated in their entirety.

2. Case No. 15-CV-89-JED-PJC is designated as the **Base File**.

3. All further pleadings, motions and other documents shall bear only the title and designation of Case No. 15-CV-89-JED-PJC with the words "Base File" written below the case number, and all pleadings shall be **filed in the Base File only**.

4. This Opinion and Order shall be filed in both Case Nos. 15-CV-89-JED-PJC and 15-CV-90-JED-FHM.

**DATED** this 25th day of March, 2015.

_____
Paul J. Cleary
United States Magistrate Judge